IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALICE SEPULVEDA, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00915-JKP |
| vs. | § § § | |
| SKECHERS USA RETAIL, LLC, SKECHERS USA, INC., | § § § § | |
| *Defendants.* | § § | |

# ORDER

Before the Court in the above-styled cause of action are Defendant's Motion to Exclude the Testimony of Joe Gonzalez [#18], Plaintiff's Opposed Motion to Continue Hearing on Defendants' Motion to Exclude the Testimony of Joe Gonzalez [#29], and Plaintiff's Motion for Leave in Order to Reopen Discovery to Take the Deposition of Joe Gonzalez in Response to Defendant's Motion to Exclude the Testimony of Joe Gonzalez [#30]. On August 10, 2020, the District Court referred all non-dispositive pretrial matters for resolution [#7]. The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

On June 11, 2021, the Court held a hearing on the motions, at which all parties appeared through counsel via videoconference. At the close of the hearing, the Court issued certain rulings, which it now memorializes with this written Order.

**Motion to Continue Hearing**. Plaintiff's motion to continue the hearing on Defendants' *Daubert* motion was prompted by the diagnosis of Plaintiff with cancer and a possible need to continue the October 2021 trial setting by the District Court. At the beginning of the hearing, the Court asked counsel for Plaintiff whether there was any reason the Court could not proceed with

1

the *Daubert* hearing, and counsel for Plaintiff agreed there was none. Accordingly, the Court orally denied the motion to continue and proceeded to the merits of the parties' dispute.

**Defendants' Motion to Exclude**. Defendants' motion to exclude asks the Court to issue an order cabining the testimony of Joe Gonzalez, a treating paramedic who responded to the scene of the injury underlying this personal-injury action. Plaintiff has designated Gonzalez as a non-retained, testifying expert under Rule 26(a)(2)(C). Such witnesses are not required to provide an expert report under Rule 26(a)(2)(B) and may testify as both a fact witness and also provide expert testimony under Rule 702 of the Federal Rules of Evidence. *See* Fed. R. Civ. P. 26 advisory committee's notes to 2010 amendments, at ¶ 7.

Defendants' motion argues that Gonzalez should not be permitted to testify as a "liability expert" because he is not qualified to testify in the fields of engineering, premises liability, accident reconstruction, or any similar discipline. Defendants also argue that Gonzalez should be prohibited from testifying as a fact witness because he was not listed in the disclosure of fact witnesses in this case, only as a non-retained expert. Finally, Defendants argue Gonzalez failed to properly disclose his opinions.

The Court will deny the motion. Plaintiff's designation of Gonzalez states the following:

> Joe Gonzalez is a paramedic for Allegiance Mobile Health who treated Alicia Sepulveda and transported her to University Hospital. He may be called to testify with regard to the liability and damage issues in this matter. Any and all records created by him and Allegiance Mobile Health and kept by them in the normal course of their business are incorporated therein.

(Expert Desig. [#18-1] at 3.) Attached to the designation are the records created by Gonzalez contemporaneous to the accident at issue regarding the condition of Plaintiff at the scene of the accident and the medical response taken. (Records [#18-2].)

In Plaintiff's motion for leave to reopen discovery, Plaintiff has conceded that Gonzalez is not a technical expert regarding accident reconstruction but rather a medically trained expert that should be permitted to testify regarding his medical treatment, which includes what he observed and what is contained in his records. Plaintiff further states in his motion that Gonzalez may not be an expert on liability, but he should be permitted to testify on facts of which he is aware that may go towards liability. During the hearing, Plaintiff reiterated this position and stated on the record that he is not offering Gonzalez as a "liability expert," an expert in accident reconstruction, or an expert in premises liability, and that Gonzalez's expert testimony will be limited to those opinions contained in his medical records regarding his emergency response to the scene of the accident.

Although Defendants frame their motion as a *Daubert* motion, that is not the appropriate procedural vehicle for the relief Defendants are seeking. Defendants' motion is asking the Court to preemptively prohibit Gonzalez from testifying on topics for which Plaintiff is not offering Gonzalez as an expert. This prophylactic ruling is unnecessary in light of Plaintiff's concessions, clarifications, and representations on the record, which render Defendants' motion to exclude moot. Any issue that arises as to the scope of Gonzalez's testimony at trial should be addressed through a motion in limine and contemporaneous objections at trial.

The Court notes that the motivation for Defendants' motion appears to be concerns that Gonzalez will be permitted to testify at trial as to statements made by Plaintiff about how and why she fell that are contained in Gonzalez's summary of the medical treatment provided. Nothing in this Order prevents Defendants from raising any other evidentiary objections to such testimony at trial before the District Court, such as hearsay or otherwise. But at this juncture,

there is no basis for limiting Gonzalez from testifying on any topic contained in his medical records.

**Motion to Reopen Discovery**.  Finally, the Court will deny Plaintiff's motion for leave to reopen discovery to depose Gonzalez.  Discovery closed in this case on May 3, 2021.  Plaintiff has not provided the Court with good cause for modifying the Scheduling Order and reopening discovery, even for this limited purpose.  *See* Fed. R. Civ. P. 16(b)(4).  The parties have long been aware of Gonzalez's medical records and Plaintiff's intent to offer Gonzales as a non-retained, testifying expert witness at trial, but neither party elected to depose Gonzalez within the time set forth in the Scheduling Order.

Thus, in accordance with the foregoing:

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude the Testimony of Joe Gonzalez [#18] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Continue Hearing on Defendants' Motion to Exclude the Testimony of Joe Gonzalez [#29] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave in Order to Reopen Discovery to Take the Deposition of Joe Gonzalez in Response to Defendant's Motion to Exclude the Testimony of Joe Gonzalez [#30] is **DENIED**.

SIGNED this 14th day of June, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE